UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:14-cv-1900-WTL-DML |
| ) | |
| THE LAW FIRM OF KRISOR & ) | |
| ASSOCIATES, ) | |
| ) | |
| Defendant. | |

**ENTRY ON PLAINTIFF'S MOTIONS FOR ATTORNEY FEES AND COSTS**

This cause is before the Court on the Plaintiff's motion for attorney fees and costs (Dkt. No. 19) and supplemental motion for attorney fees and costs (Dkt. No. 27). The Court **GRANTS IN PART** both motions for the following reasons.

I.   BACKGROUND

Plaintiff Debra Edwards filed suit against Defendant The Law Firm of Krisor & Associates ("Krisor") on November 18, 2014, alleging it violated the Fair Debt Collections Practices Act ("FDCPA"). Her Complaint alleged that Krisor sent her two dunning letters on July 22, 2014, and August 4, 2014, respectively; however, both letters failed to include the "30-day validation notice on the front" and failed to note that "there was important information on the reverse side" of the letters. Dkt. No. 1 ¶¶ 27, 29. The Complaint also alleged that Krisor "threatened an action which [it] could not legally take" during a phone call Krisor made to the Plaintiff on August 8, 2014. *Id.* ¶ 32.

On December 5, 2014, the Plaintiff send a demand letter to Krisor. Krisor responded a week later, on December 12, 2014, offering to settle the case for $1,500. The letter informed the Plaintiff that it did comply with the 30-day validation notice, attaching a July 3, 2014, dunning

letter in support, and disputed that any threats were made during the August 8, 2014, phone call; it included a copy of the tape-recorded phone conversation in support.

The Plaintiff, however, did not accept this offer. Rather, on December 23, 2014, she filed a Motion to Amend Complaint (Dkt. No. 13). This motion was granted on December 24, 2014, and the Plaintiff's Amended Complaint was filed on December 29, 2014. The Amended Complaint alleged that Krisor violated the FDCPA due to the dunning letters and the August 8, 2014, telephone call.

On January 13, 2015, Krisor made an offer of judgment to the Plaintiff for $1,000 and reasonable costs and attorney fees. On January 20, 2015, the Plaintiff accepted Krisor's offer of judgment (Dkt. No. 16).

The Plaintiff now requests $12,355 in attorney fees and costs.[1]

## II. STANDARD

Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney fees. *See* 15 U.S.C. § 1692k(a)(3) (mandating the court to award to a prevailing plaintiff "reasonable attorney's fee[s]").

> The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. If necessary, the district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case.

*Gastineau v. Wright*, 592 F.3d 747, 748-49 (7th Cir. 2010) (internal citations and quotation marks omitted). The party seeking the fee award bears the burden of proving the reasonableness

---

[1] $7,440 in attorney fees and $505 in costs was requested originally. Dkt. No. 19-3. The Plaintiff filed a supplemental motion for attorney fees, requesting an additional $4,410 in attorney fees. Dkt. No. 27-2.

2

of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

### III.   DISCUSSION

Krisor raises several objections to the Plaintiff's request.  Each is discussed below.

### A. Plaintiff's Counsel's Approach to Litigation Resulted in Unreasonably High Fees

Krisor argues that Plaintiff's counsel's approach to this case resulted in an unreasonable amount of attorney fees.  The Court agrees.  Krisor succinctly explains as follows:

> Rather than accept Krisor's settlement offer or make a counteroffer, Edwards chose to dramatically increase the attorney's fees in the case.  Her counsel drafted additional discovery, drafted a motion to amend her complaint, and drafted an amended complaint, none of which was necessary, given Krisor's willingness to settle for more than Edwards' [] statutory damages.
>
> Before the December 12, 2014 letter, Edwards' counsel had billed $2,590 on this matter.  Now, after running up her fees in the case, she seeks three times that amount.  Krisor should not be forced to pay for Edwards' refusal to enter into early settlement negotiations, which was contrary to public policy.

Dkt. No. 23 at 2-3 (internal citations omitted).  Plaintiff's counsel attempts to justify the necessity of researching new allegations, filing the Amended Complaint, and modifying discovery by asserting that he needed to protect his client's interests and avoid being sanctioned under Federal Rule of Civil Procedure 11.  Simply put, these arguments are unconvincing.  The Court finds that Plaintiff's counsel, instead of accepting a settlement offering more than what the Plaintiff eventually received in this case, unnecessarily engaged in "gotcha litigation tactics" to increase his own attorney fees.

In all, the Court agrees that Plaintiff's counsel should not recover for any time spent further litigating the case after Krisor offered to settle it for $1,500. Thus, the entries from 12/15/14 through 1/13/15[2] are excluded from the fee award.

### B. Pleadings

Krisor next argues that the amount of time Plaintiff's counsel spent drafting the affidavit, Complaint, and accompanying documents in this case is excessive. Plaintiff's counsel spent 0.9 hours on these tasks, and his paralegal/law clerk spent 1.2 hours. *See* Dkt. No. 19-3 (entries for 08/22/14 (0.2 hours), 10/10/14 (1.2 hours), and 11/18/14 (0.7 hours)). Krisor correctly notes that these documents are the same documents that Plaintiff's counsel uses in other cases; in other words, he "recycles" them. While this is not a frowned-upon practice in FDCPA cases, counsel's time should reflect the minimal amount of work spent on such documents, as simply editing the caption and placing a few case-specific sentences and/or paragraphs should not take a lengthy amount of time. Accordingly, the Court will reduce the time spent on drafting these documents by half, to 0.6 hours of paralegal/law clerk time and 0.45 hours of attorney time.

### C. Discovery

Krisor also objects to the entries related to the drafting of discovery, the case management plan, and a Rule 26 agreement. *See* Dkt. No. 19-3 (entries for 11/25/14 and 11/29/14). Krisor argues that these tasks were unnecessary in light of its interest in an early settlement. The Court agrees. Plaintiff's counsel and paralegal/law clerk spent 3.5 hours drafting and reviewing discovery only a week after the Complaint was filed and before Krisor

---

[2] January 13, 2015, is the date the Plaintiff received the offer of judgment from Krisor. Even if the Plaintiff had decided to accept Krisor's December 12, 2014, offer, additional time would still have needed to be spent finalizing documents, filing necessary paperwork with the Court, communicating with opposing counsel, and calculating attorney fees. Accordingly, the Court will not exclude *all* of the time spent after December 12, 2014.

even appeared in this case. This is unreasonable, especially in a FDCPA case where the defendant may very well be inclined to settle the case as early as possible.

In response, the Plaintiff notes that this argument was rejected in a different case. While true, the circumstances of that case were different. In *Peavler v. Law Firm of Krisor & Associates*, Judge Pratt noted that while "parties are prohibited by Fed. R. Civ. P. 26(d) from *engaging* in discovery, no such restriction on drafting and reviewing requests exists. The drafting in this case, occurring over a month after the filing of the complaint and alongside other discovery tasks like preparation of Initial Disclosures, occurred reasonably." 49 F. Supp. 3d 535, 541 (S.D. Ind. 2014) (internal citations omitted). In *Peavler*, plaintiff's counsel waited five weeks after the complaint was filed and until opposing counsel had been served and entered an appearance in the case before drafting discovery; indeed, plaintiff's counsel and opposing counsel sent several emails to each other before discovery was ever drafted. This is in contrast to this case where Plaintiff's counsel drafted discovery a week after the Complaint was filed and before Krisor even appeared in the case.

Plaintiff's counsel also unconvincingly argues that "the proposed Rule 26 Agreement was necessary to begin discovery in the case which was especially important because it appeared that the Defendant was going to litigate this case." Dkt. No. 26 at 11. It is unclear why Plaintiff's counsel believed Krisor was going to litigate this case; Krisor had not yet appeared nor communicated with Plaintiff's counsel prior to drafting the Rule 26 Agreement. Similarly, the fact that a case management plan needed to be prepared for the February 10, 2015, initial pretrial conference lends no support to the necessity of it being drafted two months in advance. *See id*. The Court thus excludes 2.1 hours of paralegal/law clerk time (Dkt. No. 19-3, entries for 11/25/14) and 1.4 hours of attorney time (Dkt. No. 19-3, entries for 11/29/14).

### D. Vague entries

Next, Krisor objects to various entries that are vague. As Krisor notes, "[t]he entries say 'email to,' 'telephone call with,' 'letter to,' or 'meeting with' 'client,' but they provide no information regarding the topic of the communication." Dkt. No. 23 at 6. In response, Plaintiff's counsel argues that these entries correspond to communications he made with his client to keep her reasonably informed about her case. He further argues that he is unable to provide more detail because such communications are confidential.

Certainly, Plaintiff's counsel need not (indeed, should not) reveal the confidential details of the communications with his client; however, the Court believes that more detail can be given than simply "letter to Client." For instance, "letter to Client regarding Defendant's offer of judgment" would provide the necessary detail without delving into the confidential communications Plaintiff's counsel made to his client.[3] Plaintiff's counsel would be wise to offer more detail in future filings if he expects to be compensated for such tasks. That said, the Court believes the time spent on these entries is reasonable and clearly corresponds to certain events happening in the case. *See* Dkt. No. 19-3 (entries for 01/14/15 and 01/20/15, "E-mail to client," clearly correspond to sending the acceptance of the offer of judgment).

### E. Hourly Rate

Finally, Krisor argues that Plaintiff's counsel's "proposed hourly rate of $300 per hour is unreasonable." Dkt. No. 23 at 7. The Court agrees. Plaintiff's counsel offers nothing in support of this rate other than asserting that his rates increased in 2015 due to his "increase in experience

---

[3] Indeed, Plaintiff's counsel does provide additional detail for certain entries. *See* Dkt. No. 19-3 (entry for 01/14/15 noting "Telephone call with client regarding Offer of Judgment").

in FDCPA litigation." Dkt. No. 19-1 ¶ 8.[4]  In October of 2014, Plaintiff's counsel's rate of $275 per hour was found to be reasonable. *See Karr v. Med-1 Solutions, LLC*, No. 1:12-cv-01182-DKL, 2014 WL 5392098, at *2 (S.D. Ind. Oct. 22, 2014).  Accordingly, the Court will decrease Plaintiff's counsel's hourly rate to $275 per hour for the purposes of the lodestar calculation. *See Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (noting that "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases" are needed to support an attorney's market rate).

### F. Adjustments at the Court's Discretion

The Court, in its discretion, makes the following adjustments.

The Court begins with the original invoice filed in this case.  The Court finds the amount of time Plaintiff's counsel spent on his motion for attorney's fees, affidavit, and corresponding memorandum to be excessive.  The motion itself is a standard form motion; indeed, Plaintiff's counsel filed an identical motion (except for the caption) in *Peavler*. *See* Cause No. 1:14-cv-80-TWP-TAB, Dkt. No. 15.  The same rings true with the affidavit of attorney's fees; the first six paragraphs are identical to those in *Peavler* and *Karr*. *See* Cause No. 1:14-cv-80-TWP-TAB, Dkt. No. 15-1; Cause No. 1:12-cv-1182-DKL-WTL, Dkt. No. 87-1.  And, not surprisingly, the memoranda is no different.  Ironically, the only difference between the memoranda filed in *Peavler* and the memoranda at bar (save for a brief introductory paragraph explaining the facts and procedural history of this case) is the paragraph explaining why this Court should find

---

[4] The fact that the Southern District of California, Northern District of Illinois, and Western District of Michigan have found rates of $300 per hour to be reasonable is irrelevant. *See* Dkt. No. 20 at 7.  The relevant legal market applicable to this case is Indianapolis, Indiana, located in the Southern District of Indiana.

Plaintiff's counsel's increased rate of $300 per hour to be reasonable. *Compare* Dkt. No. 20 *with* Cause No. 1:14-cv-80-TWP-TAB, Dkt. No. 16. Despite the clear re-use of previous filings, Plaintiff's counsel allegedly spent 3.7 hours on these tasks. *See* Dkt. No. 19-3 (entries for 02/15/15 and 02/17/15). This is unreasonable. The Court finds that one hour is appropriate for these tasks; Plaintiff's counsel simply had to correct the caption and add a few relevant paragraphs describing the history of this case.

The original invoice also contains entries for time spent drafting and filing a motion to vacate. *See* Dkt. No. 19-3 (entries for 02/04/15). Krisor, however, actually drafted and filed "Defendant's Unopposed Motion to Vacate Initial Pretrial Conference," *see* Dkt. No. 17; the Plaintiff did not. Accordingly, this time is excluded.

Next, the Court turns to the supplemental invoice which documents the amount of time Plaintiff's counsel spent on the reply brief in support of the motion for attorney fees. In all, Plaintiff's counsel spent 13.4 hours reviewing legal research, reviewing and critiquing the Defendant's Response, and drafting the Reply; his paralegal/law clerk spent an additional 1.4 hours on legal research. This is excessive, and it is not the first time Plaintiff's counsel has been told so. In *Peavler*, Judge Pratt noted the following:

> Specifically, the amount of hours spent on the reply and accompanying documents is excessive[.]
>
> . . .
>
> [C]ounsel claimed at first that it took 11.3 hours of attorney time—later rearranging the entries and dates and raising the total number to 11.6—to submit the reply accounting for Krisor's response. The Court finds the number unreasonable. *See Stark v. PPM Am., Inc*., 354 F.3d 666, 674 (7th Cir. 2004) (affirming district judge's reduction "by 30 percent, or 425 hours" for entries on the fee request that were "particularly vague"). The bulk of these hours occur between four entries spread across April 29, May 4, and May 5 when counsel grossed 10.2 hours simply reviewing research and drafting the reply itself. (*See* Filing No. 27–1, at ECF pp. 8–9) (noting vaguely that counsel "began drafting reply," "continued to draft reply," and "finished drafting reply".) Moreover, counsel also includes an

8

> additional 5.4 hours of paralegal/clerk time on April 28 for indiscriminate "Legal Research" presumably linked to the reply, as well as 0.5 hours to draft the supplemental affidavits and prepare the exhibits. (*See* Filing No. 27–1, at ECF p. 8.)
>
> These numbers charged to Krisor are excessive in light of the brevity of Krisor's response, (*see* Filing No. 17) (arguing generally that the time billed was first unreasonable and secondly inconsistent with Ms. Peavler's bankruptcy position), and the lack of new authority in Ms. Peavler's reply, (*see* Filing No. 20) (citing generally Fed. R. Civ. P. 11, as well as recycled case law and arguments from the original motion, for over half of the reply). Accordingly, the Court reduces the total number of hours for attorney time by a one half to 5.8 hours total, and for paralegal/clerk time by two thirds to 1.8 hours total.

*Peavler*, 49 F. Supp. 3d at 543-44. As was the case in *Peavler*, the arguments made by Krisor were not new, certainly were not complex, and were brief. The Plaintiff's Reply mostly consists of Plaintiff's counsel explaining the procedural history of the case to the Court, unnecessarily "correcting" statements Krisor made, and noting that some of Krisor's arguments have been rejected by previous courts.[5] It also attempts to justify the reasonableness of drafting and filing an Amended Complaint, which the Court has already addressed above.

Plaintiff's counsel billed close to $8,000 in approximately three months; he now asks this Court to award him over half that amount (over $4,400) for work performed in approximately a week and a half. Moreover, this time was not spent advocating for the Plaintiff; it was spent (and is now billed) as time solely for the purpose of recovering attorney fees. The Court finds five

---

[5] It is inaccurate for the Plaintiff to argue that Krisor is making unnecessary arguments, that its arguments are moot, or that it is estopped from making the argument because these same arguments were rejected in a different case. *See, e.g.*, Dkt. No. 26 at 3 ("Thus, because the Defendant's argument has failed previously, this argument should be moot and the Defendant should be estopped from arguing it again. The Defendant is unnecessarily arguing issues that this Court has already determined."). Surely, Plaintiff's counsel—who has almost eighteen years of legal experience—understands that this is not the case. While other district court rulings may be persuasive, in no way is this Court bound by them. The Plaintiff simply could have noted that a different court had rejected a particular argument made by Krisor, without the added surplusage.

9

hours of attorney time[6] and 1.4 hours of paralegal/law clerk time to be reasonable for researching legal issues and drafting the Reply.

Next, the Court is excluding the 0.4 hours spent drafting the supplemental affidavit of attorney fees. *See* Dkt. No. 27-2 (entry for 04/06/15). The supplemental affidavit is exactly the same as the original affidavit in this case; Plaintiff's counsel simply deleted paragraphs nine through twelve. *See* Dkt. Nos. 19-1 and 27-1.[7] The Court is also reducing the 0.8 hours spent drafting the motion for supplemental assessment of attorney fees to 0.2 hours. *See* Dkt. No. 27-2 (entry for 04/06/15). The supplemental motion is seven paragraphs and simply recites the procedural history of this case. It is unclear how the drafting of this motion could take almost an entire hour.

Finally, the Court notes that there are several entries in both invoices that are billed at $200 per hour; however, there is no explanation for this amount. *See* Dkt. No. 19-1 ("My reasonable hourly rate for this type of case is $300.00 . . . My paralegal's and law clerk's reasonable hourly rate for this type of case is $100.00."). The Court presumes this time is for attorney Michael Eades, an associate in Plaintiff's counsel's law firm. In 2014, Mr. Eades' rate of $175 per hour was found to be reasonable. *See Karr v. Med-1 Solutions, LLC*, No. 1:12-cv-01182-DKL, 2014 WL 5392098, at *2 (S.D. Ind. Oct. 22, 2014). Accordingly, the Court will decrease Mr. Eades' hourly rate to $175 per hour for the purposes of the lodestar calculation.[8]

---

[6] It appears that Plaintiff's counsel (rather than his associate) drafted and modified much of the Reply; accordingly, the Court will use his lodestar amount of $275 per hour in the final calculation.

[7] The Court also notes that the affidavit of attorney's fees and costs refers to an "Exhibit C" that supposedly is attached. *See* Dkt. No. 19-1 ¶ 9. No Exhibit C was submitted in this case. *See* Dkt. No. 19 (listing Exhibits A and B as attachments).

[8] 0.4 hours on 08/22/14, 1.4 hours on 08/25/14, 0.4 hours on 12/03/14, and 0.1 hour on 01/20/15.

## IV. <u>CONCLUSION</u>

For the reasons explained above, the Court awards $4,953.75[9] for attorney fees and costs related to this matter.

SO ORDERED: 6/30/15

                                                                      _____
                                                                      Hon. William T. Lawrence, Judge
                                                                      United States District Court
                                                                      Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[9] $2,721.25 in attorney fees (original invoice), $1,727.50 in attorney fees (supplemental invoice), and $505 in costs (to which Krisor did not object).